**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DAWN BROOKS,

        Plaintiff,

v.                                    Case No. 6:13-cv-1382-Orl-37DAB

COUNTY OF VOLUSIA; TASK FORCE
AGENT BLISSET; TASK FORCE
AGENT FAWSETT; and CITY OF NEW
SMYRNA BEACH,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant, City of New Smyrna Beach's Motion to Dismiss Plaintiff's Complaint (Doc. 21) filed November 25, 2013;

2. Defendant, Task Force Agent Fawsett's Motion to Dismiss Plaintiff's Complaint (Doc. 22), filed November 25, 2013;

3. Defendants County of Volusia and Task Force Agent Blissett's Motion to Dismiss Plaintiff's Complaint (Doc. 23), filed November 26, 2013;

4. Plaintiff's Response to Defendant, City of New Smyrna Beach's Motion to Dismiss (Doc. 28), filed December 19, 2013;

5. Plaintiff's Response to Defendant, Task Force Agent Fawsett's Motion to Dismiss (Doc. 29), filed December 19, 2013;

6. Plaintiff's Response to Defendants, County of Volusia and Task Force Agent Blissett's Motion to Dismiss (Doc. 30), filed December 19, 2013;

7. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 31), filed

December 19, 2013; and

8. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 32), filed December 19, 2013.

On September 6, 2013, Plaintiff Dawn Brooks filed her complaint against Defendants the County of Volusia (the "County"), Task Force Agents Blisset ("Agent Blisset") and Fawsett ("Agent Fawsett"), and the City of New Smyrna Beach (the "City"). (Doc. 1.) Plaintiff asserts two claims: (1) a claim for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment to the U.S. Constitution (*id.* ¶¶ 6–17 ("Count One")); and (2) a claim under Florida law for intentional infliction of emotional distress ("IIED"). (*Id.* ¶¶ 18–27 ("Count Two").) The allegations of fact underlying these claims are brief. (*Id.* ¶¶ 1–17.) According to Plaintiff, Agents Blisset and Fawsett and unidentified officers of the City arrived at Plaintiff's residence on February 9, 2010, as a "result of a criminal complaint." (*Id.* ¶¶ 6–8, 18–19.) The "Defendants" physically detained Plaintiff for two to three hours at her residence. (*Id.* ¶¶ 9, 20.) Despite Plaintiff's requests, the "Defendants" would not allow Plaintiff to use the restroom during the two to three hour detention, and "Plaintiff was forced to relieve herself while handcuffed in front of several law enforcement officers, the majority of whom were male." (*Id.* ¶¶ 10–11, 21.) "Defendants" then would not permit Plaintiff to "cleanse" herself; rather, they "forced" her "to take off all of her clothes in front of several law enforcement officers and change into another set of clothing." (*Id.* ¶¶ 13, 22–23.) Plaintiff alleges that she "suffered mental anguish and humiliation" as a result of the Defendants' actions. (*Id.* ¶¶ 16, 17.)

The City filed a motion to dismiss, arguing that: (1) the Complaint is a "shotgun" pleading in that Plaintiff fails to differentiate among the Defendants; (2) Plaintiff has not

2

alleged that any harm to her resulted from a "policy or practice" of the City; (3) Plaintiff has not alleged sufficiently outrageous conduct to state a claim for IIED; and (4) the City is entitled to sovereign immunity from Plaintiff's IIED claim. (Doc. 21.) Agent Fawsett, who is sued in his official and individual capacities, also filed a motion to dismiss, arguing that: (1) the Complaint is an improper "shotgun" pleading; (2) Plaintiff has failed to allege facts sufficient to overcome Agent Fawsett's entitlement to qualified immunity; and (3) Plaintiff has not alleged sufficiently outrageous conduct to state a claim for IIED. (Doc. 22.) Finally, the County and Agent Blisset jointly filed a Motion to Dismiss. (Doc. 23.) Like the City and Agent Fawsett, the County and Agent Blisset argue that Count Two should be dismissed because Plaintiff has not alleged sufficiently outrageous conduct, and the County is entitled to sovereign immunity. (*Id.* at 11–13.) The County and Agent Blisset further argue that Count One should be dismissed because: (1) Plaintiff has not stated "facts as to the specific action of each named defendant which establish the alleged constitutional violation"; (2) Plaintiff has not alleged a "custom, policy or practice" sufficient to state a claim against the County; and (3) Plaintiff has not overcome Agent Blisset's entitlement to qualified immunity. (*Id.* at 5–10.)

The Motions to Dismiss are well-taken, and in her responses to the Motions to Dismiss (Docs. 28–30), Plaintiff concedes that her Complaint should be dismissed, but she requests leave of twenty days to file an Amended Complaint. (*Id.* (stating that "Plaintiff would have no objection to the Complaint being dismissed without prejudice").) With her Responses, Plaintiff filed two motions for leave to file an amended complaint. (Docs. 31–32.) Plaintiff's motions are flawed because Plaintiff failed to include a certification that she conferred with opposing counsel concerning the motions for leave

to amend as required under Local Rule 3.01(g). Normally, this failure would result in denial of Plaintiff's motions. However, the Court will grant the motions, but Plaintiff is instructed to carefully review the Local Rules and this Court's Case Management Order (when entered). Future failures to faithfully comply with the Local Rules or the Orders of this Court will result in the imposition of sanctions.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant, City of New Smyrna Beach's Motion to Dismiss Plaintiff's Complaint (Doc. 21) is **GRANTED**;

2. Defendant, Task Force Agent Fawsett's Motion to Dismiss Plaintiff's Complaint (Doc. 22) is **GRANTED**;

3. Defendants County of Volusia and Task Force Agent Blissett's Motion to Dismiss Plaintiff's Complaint (Doc. 23) is **GRANTED**;

4. Plaintiff Dawn Brook's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 31) is **GRANTED**;

6. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 32) is **GRANTED**; and

7. On or before January 13, 2014, the Plaintiff shall file an amended complaint. If Plaintiff fails to timely file an amended complaint, this action will be **CLOSED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 20, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record