UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAWN BROOKS,

        Plaintiff,

v.                                            Case No. 6:13-cv-1382-Orl-37DAB

COUNTY OF VOLUSIA; and CITY OF
NEW SMYRNA BEACH,

        Defendants.

## ORDER

This matter is before the Court on the following:

1. Defendant County of Volusia's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 42), filed January 30, 2014; and

2. Plaintiff's Response to Defendant County of Volusia's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 49), filed February 20, 2014.

## BACKGROUND[1]

This action arises out of the Defendant County of Volusia's detention of Plaintiff outside of her home for two to three hours on February 9, 2010. (Doc. 40, ¶¶ 4, 28, 61). While detained, Defendant's officers allegedly:

    (1)    handcuffed Plaintiff (*id.* ¶¶ 28, 37);

    (2)    refused Plaintiff's requests to defecate in a private place (*id.* ¶¶ 34, 35, 38–39);

    (3)    told her to "just use the restroom right there" in the front yard, which Plaintiff did (*id.* ¶¶ 40, 42–43);

---

[1] The facts set forth in this Order are taken from the Plaintiff's First Amended Complaint and construed in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

    (4)    refused Plaintiff's request to assist her to cleanse and dress herself after she defecated in the front yard in front of the officers (*id.* ¶¶ 45–50);

    (5)    told Plaintiff to change into a plastic jumpsuit, and requested that she remove all her clothing in the front yard to do so, which Plaintiff did without assistance from Defendant's officers (*id.* ¶¶ 52–58);

    (7)    looked, yelled, and laughed at Plaintiff while she was detained and in various states of undress (*id.* ¶¶ 29, 31, 33, 36, 43, 44, 57).

Plaintiff alleges that during her detention, she "could have used one of the restrooms in the house" (which was being searched for methamphetamines pursuant to a warrant). (*Id.* ¶¶ 12, 27, 32, 59, 62.) Alternatively, Plaintiff alleges that she "could have used the restroom or gotten dressed and undressed" in Defendant's truck, which was located a few hundred feet from Plaintiff. (*Id.* ¶ 63.)

Claiming that Defendant's actions caused her "mental anguish and humiliation" and violated her constitutional rights to due process and to be "free from unreasonable searches and seizures," Plaintiff seeks relief from Defendant pursuant to 28 U.S.C. § 1983. (*Id.* ¶¶ 1, 64–67, 69 (Count I); *id.* ¶¶ 132–34 (Count II).) Defendant moved to dismiss Plaintiff's two-count First Amended Complaint. (Doc. 42.) Plaintiff responded (Doc. 49), and her motion is now ripe for adjudication.

## LEGAL STANDARDS

**I.    Pleading Standards**

When a complaint does not comply with minimum pleading requirements or otherwise "fails to state a claim to relief that is plausible on its face," the defendant may seek dismissal of the complaint under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009). When considering a Rule 12(b)(6) motion, courts must limit their

consideration to the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *e.g.*, *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Courts also must accept all well-pled factual allegations—but not legal conclusions—in the complaint as true. *Tellabs*, 551 U.S. at 323; *e.g.*, *Iqbal*, 556 U.S. at 672 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). After disregarding allegations that "are not entitled to the assumption of truth," the court must determine whether the complaint includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then whether the complaint is plausible on its face. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## II.   Section 1983

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived her of rights protected by the U.S. Constitution or a federal statute. *See Motes v. Myers*, 810 F.2d 1055, 1058 (11th Cir. 1987). Acts performed by police officers in their capacity as police officers are considered to have been performed under color of state law. *See West v. Atkins*, 487 U.S. 42, 49–50 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 133, 153 (1970). "Under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), municipalities are subject to § 1983 liability 'when execution of a government's policy or custom . . . inflicts the injury.'" *Mercado v. City of Orlando*, 407 F.3d 1152, 1161 (11th Cir. 2005) (quoting *Monell*). *Respondeat superior* is not a basis for imposing liability against a municipality under § 1983. *Id.*; *e.g.*, *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) (holding that a municipality is liable

3

under § 1983 "only when it can be fairly said that the city itself is the wrongdoer").

## DISCUSSION

In Count I, Plaintiff alleges that Defendant's actions "in detaining Plaintiff were a violation of Plaintiff's constitutional right to be free from unreasonable searches and seizures" under the Fourth and Fourteenth Amendments to the U.S. Constitution.[2] (Doc. 40 ¶¶ 1, 65.) Defendant contends that Count I should be dismissed because Plaintiff has alleged no facts to support her conclusory allegation that Defendant "failed to properly train its officers," who were acting "pursuant to a specific custom, policy or practice that deprived Plaintiff of a constitutional right to be free from unreasonable searches and seizures." (Doc. 42, pp. 5–8.)

As a municipality, Defendant may be liable for failure to train only where the "failure to train reflects a 'deliberate' or 'conscious' choice by a municipality." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (noting the insufficiency of an allegation that an injury "could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury"). One may infer that the municipality made a "deliberate" or "conscious" choice not to provide certain training only where the need for such training is "plainly obvious." *Id.* Compare *Wright v. Sheppard*, 99 F.2d 665, 675 (11th Cir. 1990) (rejecting failure to train claim where city had no "actual notice of unconstitutional practices" and there was no "history of widespread prior abuse"), *with Rivas*, 940 F.2d at 1495–96 (finding deliberate indifference where sheriff knew of prior instances of mistaken identity). Here, Plaintiff has not alleged that the Defendant's

---

[2] The Fourth Amendment provides that the "right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause . . . ." U.S. Const. amend. IV.

failure to train was due to deliberate indifference or that the need for such training was "plainly obvious" based on prior instances. (*See* Doc. 40.) Further, Plaintiff has not identified any specific custom, policy or practice that caused Defendant's officers to infringe her rights. (*See id.*) Absent such allegations, Count I fails.

In Count II, Plaintiff alleges that Defendant's actions "in detaining Plaintiff were a violation of Plaintiff's constitutional right to due process" under the Fourth and Fifth Amendments to the U.S. Constitution. (Doc. 40 ¶¶ 69, 132–33.) In support of this claim, Plaintiff does not even make conclusory allegations concerning Defendant's policies, practices, or customs. Absent factual averments of a specific policy, custom, or practice, Count II also fails. *City of Canton*, 489 U.S. at 388. Accordingly, both Count I and Count II are due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant, County of Volusia's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 42) is **GRANTED**.

2. Counts I and II of Plaintiff's First Amended Complaint (Doc. 40) are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is granted leave to file a Second Amended Complaint in conformance with the requirements of this Order on or before **April 4, 2014**.

4. If Plaintiff fails to timely file a Second Amended Complaint, then this action will be dismissed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record