**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DAWN BROOKS,

            Plaintiff,

v.                                       Case No. 6:13-cv-1382-Orl-37DAB

COUNTY OF VOLUSIA,

            Defendant.

_____

**ORDER**

This matter is before the Court on the following:

(1)    Defendant County of Volusia's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 56), filed April 15, 2014; and

(2)    Plaintiff's Response to Defendant's Motion to Dismiss Plaintiffs Second Amended Complaint (Doc. 60), filed May 9, 2014.

**INTRODUCTION**

This 42 U.S.C. § 1983 action arises out of the Defendant County of Volusia's seizure and detention of Plaintiff for two to three hours on February 9, 2010,[1] while officers executed a search warrant in Plaintiff's residence. (Doc. 55, ¶¶ 4, 28, 61.) Plaintiff does not challenge the warrant or her detention, but claims that Defendant

---

[1] The only Defendant currently before the Court is the County of Volusia. (Doc. 55.) The other Defendant named in Plaintiff's Second Amended Complaint—the City of New Smyrna Beach—was dismissed with prejudice before Plaintiff filed the Second Amended Complaint. (Doc. 54.) Nonetheless, in the heading of her response to the motion to dismiss, Plaintiff inserted the City of New Smyrna Beach and Agents Blissett and Fawsett ("Individually and Under Color of Law") as Defendants. (Doc. 60.) Plaintiff should not include dismissed Defendants in the headings of her submissions in this case. *See* Local Rule 1.05(b); Fed. R. Civ. P. 10(a). The headings should accurately reflect the parties to this action.

violated her rights to privacy and dignity when Defendant's officers declined her request to use the restroom and required her to strip naked in public to change into a plastic jumpsuit. (*See id.*)

In an Order dated March 14, 2014, the Court dismissed Plaintiff's First Amended Complaint because it failed to sufficiently allege a basis for municipal liability. (Doc. 53, pp. 3–4.) The Court granted Plaintiff leave to file a second amended complaint to cure such deficiencies. (*Id.* at 5.) Plaintiff filed a Second Amended Complaint on April 4, 2014, which omits Plaintiff's due process claims but is otherwise virtually identical to her earlier pleadings. (*See* Doc. 55.) Defendant moved to dismiss Plaintiff's Second Amended Complaint (Doc. 56), and Plaintiff filed an untimely response. (Doc. 60.)[2] Because Plaintiff has made no meaningful effort to cure the deficiencies in her First Amended Complaint, the Court finds that the motion is due to be granted.

## STANDARDS

As noted in the Court's prior Order dismissing Plaintiff's First Amended Complaint, § 1983 liability may be imposed on a local government only when the plaintiff's injury is caused by an action pursuant to official municipal policy. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). The "failure to train"

---

[2] Local Rule 3.01(b) requires parties to file their responses within 14 days after service of a motion. Pursuant to Federal Rule of Civil Procedure 6(d), three days are added to the 14 days. Accordingly, any response to the motion to dismiss was due 17 days after April 15, 2014—Friday, May 2, 2014. Plaintiff did not request an extension of time to file a response until May 6, 2014. (Doc. 58.) Nonetheless, the Court granted Plaintiff's unopposed motion and permitted her to file an untimely response. (Doc. 59.)

employees may be considered an official policy, but it is the most tenuous basis for imposing municipal liability. *Id.*; *see also Am. Fed'n of Labor and Cong. of Indus. Orgs. v. Miami*, 637 F.3d 1178, 1188–89 (11th Cir. 2011) ("Establishing notice of a need to train or supervise is difficult.").

A municipality's failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton v. Harris*, 489 U.S. 378, 388 (1989). The "stringent" deliberate indifference standard ordinarily requires "[a] pattern of similar constitutional violations by untrained employees." *Connick*, 131 S.Ct. at 1360. In a very "narrow range of circumstances," the "unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *See id.* at 1360, 1364 (noting that plaintiff must show that the constitutional violation was "highly predictable" absent particular training).

## DISCUSSION

One of the few changes in the Second Amended Complaint is Plaintiff's inclusion of the following confusing allegations concerning municipal liability:

> Defendant COUNTY OF VOLUSIA had a policy, custom or practice in effect in failing to train Defendant's supervisors and/or deputies due to deliberate indifference to the constitutional right of individuals detained such as Plaintiff to personal privacy and/or dignity and against unwanted intrusion and/or Defendant's failure to train was plainly obvious i.e. by not allowing individuals such as Plaintiff to use the restroom in private and/or change in private.

(*Id.* ¶ 68.) In her Response, Plaintiff concedes that she has not "alleged specific past incidents, or that Defendant knew of this need to train previously, nor specifically what kind of training was in place." (Doc. 60, pp. 7–8 ("Plaintiff acknowledges that [she] has not specifically alleged that the Defendant knew of the need to train and/or supervise in

a particular area and the Defendant made a deliberate choice not to take any action.").) Nonetheless, Plaintiff contends that the facts alleged reflect a "plainly obvious" need for training. (*Id.*)

The Court does not agree with Plaintiff that Defendant's alleged response to her bathroom requests and requirement that she change into a plastic jumpsuit in public fall into the "narrow range of circumstances" (such as use of deadly force) where a constitutional violation is "highly predictable" absent particular training. *See Connick*, 131 S.Ct. at 1360. Further, the Court finds that that Plaintiffs' minimal new allegations still are too conclusory to support a plausible claim of municipal liability. *See Hargis v. Orlando*, No. 6:12-cv-7230Orl-37KRS, 2012 WL 6089715, at *6 (M.D. Fla. Dec. 7, 2012) (dismissing failure to train claim based on "legal conclusions"); *see also Cooper v. Starke*, No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (dismissing failure to train claim); *Stewart v. Sotolongo*, No. 8:07-cv-54-T-24MAP, 2007 WL 1796545, at *10 (M.D. Fla. Jun. 21, 2007) (rejecting plaintiff's argument that seizure was one of the "very limited circumstances" where the need for training is "obvious"); *Horn v. Fla. Dep't of Children & Families*, No. 5:05-cv-1180, 2005 WL 1618218, at *3 (M.D. Fla. Jul. 5, 2005) (dismissing failure to train claim). Thus, the Second Amended Complaint is due to be dismissed. On Plaintiff's request (Doc. 60, p. 9), she will be given one final opportunity to state a plausible claim.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Defendant, County of Volusia's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 56) is **GRANTED**.

2.    Plaintiff's Second Amended Complaint (Doc. 55) is **DISMISSED**

**WITHOUT PREJUDICE**.

3.   On or before May 30, 2014, Plaintiff may file a Third Amended Complaint.

4.   If Plaintiff fails to timely file a Third Amended Complaint in conformance with the requirements of this Order and the Court's Order dated March 14, 2014 (Doc. 53), the Court will direct that this action be **CLOSED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 15, 2014.


ROY B. DALTON JR.
United States District Judge


Copies:

Counsel of Record