**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAWN BROOKS,

        Plaintiff,

v.                                                       Case No. 6:13-cv-1382-Orl-37DAB

COUNTY OF VOLUSIA,

        Defendant.

**ORDER**

This matter is before the Court on the following:

1. Defendant County of Volusia's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 63), filed June 13, 2014; and

2. Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 66), filed July 10, 2014.

**BACKGROUND**

This 42 U.S.C. § 1983 action arises out of the Defendant County of Volusia's seizure and detention of Plaintiff for two to three hours on February 9, 2010, while officers executed a search warrant in Plaintiff's residence related to an investigation of suspected methamphetamine manufacturing at the residence. (*See* Doc. 62, ¶¶ 4, 27, 32, 61, 81.) Plaintiff alleges that Defendant violated her rights to privacy and dignity when Defendant's officers declined her request to use the restroom (resulting in her defecating in the front yard) (*see id.* ¶¶ 34–50) and required her to strip naked in public to change into a plastic jumpsuit (*see id.* ¶¶ 52–58), even though bathroom and changing facilities were readily available (*see id.* ¶¶ 62–63). (*See id.* ¶¶ 74, 82.) Plaintiff

further alleges that Defendant's actions caused her mental anguish and humiliation. (*Id.* ¶¶ 81–82.)

This Court has entered Orders dismissing Plaintiff's First and Second Amended Complaints because they did not include sufficient allegations to permit a plausible inference of municipal liability. (Doc. 53, pp. 3–4; Doc. 61, pp. 3–4.) The Court granted Plaintiff leave to amend her Complaint in a final effort to cure such deficiencies. (Doc. 61, pp. 4–5.) Plaintiff filed her Third Amended Complaint on May 30, 2014 (Doc. 62), Defendant moved to dismiss (Doc. 63), and Plaintiff responded (Doc. 66). The matter is now ripe for the Court's adjudication.

**STANDARDS**

As noted in the Court's prior Orders, § 1983 liability may be imposed on a local government only when the plaintiff's injury is caused by an action pursuant to official municipal policy. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 692 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). The "failure to train" employees may be considered an official policy, but it is the most tenuous basis for imposing municipal liability. *See id.*; *see also Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1188–89 (11th Cir. 2011) ("Establishing notice of a need to train or supervise is difficult.").

A municipality's failure to train must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The "stringent" deliberate indifference standard ordinarily requires "[a] pattern of similar constitutional violations by untrained

2

employees." *Connick*, 131 S. Ct. at 1360. In a very "narrow range of circumstances," the "unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *See id.* at 1364 (noting that the plaintiff must show that the constitutional violation was "highly predictable" absent particular training).

## DISCUSSION

Plaintiff's Third Amended Complaint provides twenty new paragraphs to the allegations of the Second Amended Complaint. (Doc. 62, ¶¶ 64–84.) Defendant argues that these new allegations are conclusory and irrelevant and that Plaintiff's Third Amended Complaint "remains fatally deficient." (Doc. 63, pp. 2, 4.) Specifically, Defendant contends that Plaintiff still has not alleged: (1) "that Defendant knew of a need to train based on specific past incidents and made a deliberate choice not to do so such that its inaction amounted to deliberate indifference"; or (2) that "proof of a pre-existing pattern of violations" is unnecessary because the unconstitutional consequences of failing to train were patently obvious to Defendant. (*Id.* at 5.) Defendant requests that Plaintiff's Third Amended Complaint be dismissed with prejudice. (*Id.* at 7.)

Plaintiff counters that her additional allegations should permit her Third Amended Complaint to survive Defendant's motion. (Doc. 66.) Plaintiff points to her allegations that: (1) there has been a rise in complaints to Defendant concerning the increasing use and manufacture of methamphetamine, which is "an extremely dangerous and toxic substance" (*id.* at 2 (citing Doc. 62, ¶¶ 67–68)); (2) Defendant was aware that its methamphetamine investigations would require its officers to detain suspects "for long periods of time" to allow time for "Defendant to cleanse those individuals" (*id.* (citing

Doc. 62, ¶¶ 69–70)); (3) Defendant was "put on notice" that the detained individuals "would need to use the restroom after being detained for periods of time" (*id.* (citing Doc. 62, ¶¶ 72–73)); and (4) Defendant was aware that, when detaining individuals, its supervisors and deputies "would be concentrating on their own personal safety and safety of the public being indifferent to the privacy needs of those detained" (*id.* at 3 (citing Doc. 62, ¶ 71)). Plaintiff further points to allegations in her Third Amended Complaint that, despite Defendant's knowledge: (1) it adopted a policy of "failing to train" its supervisors and deputies to "use best efforts" to protect the privacy of detained persons during methamphetamine investigations; and (2) it trained its supervisors and officers to detain methamphetamine suspects "by any means necessary without attention to the right of privacy and dignity of those individuals to use restrooms in private and/or change in private." (*Id.* at 4 (citing Doc. 62, ¶¶ 78–79).) Finally, Plaintiff points to her new allegation that "Defendant was indifferent to Plaintiff's right to privacy when using the restroom and/or changing in private." (*Id.* (citing Doc. 62, ¶¶ 81–82).)

The Court agrees with Defendant that Plaintiffs' new allegations still are too conclusory to support a plausible claim of municipal liability. Notably, Plaintiff concedes that she still "has not alleged specific prior instances" of similar conduct by Defendant's officers. (Doc. 66, p. 8.) Further, the alleged misconduct of the Defendant's officers still does not fall into the "narrow range of circumstances" (such as use of deadly force) where the likelihood of a constitutional violation is "patently obvious" absent particular training. *See Connick*, 131 S. Ct. at 1360. Accordingly, the Court must dismiss Plaintiff's municipal liability claim. *See Frone v. City of Riverdale*, 521 F. App'x 789, 791 (11th Cir. 2013) (affirming dismissal of municipal liability claims); *Harvey v. City of Stuart*, 296 F. App'x 824, 826 (11th Cir. 2008) (same); *Nettles v. City of Leesburg—Police Dep't*,

415 F. App'x 116, 121–22 (11th Cir. 2010) (same).[1] Finally, the Court finds that the Third Amended Complaint is due to be dismissed with prejudice because this is Plaintiff's fourth unsuccessful attempt to assert a municipal liability claim, and she has not requested an additional opportunity to plead. *See Carter v. DeKalb Cnty.*, 521 F. App'x 725, 728–29 (11th Cir. 2013) (affirming dismissal of civil rights claims with prejudice where the plaintiff did not request leave to amend complaint and rejecting argument that the plaintiff was entitled to discovery concerning the policies and practices of a municipal defendant).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant County of Volusia's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 63) is **GRANTED**.

2. Plaintiff's Third Amended Complaint (Doc. 62) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 4, 2014.

---

[1] *See also Moore v. Eslinger*, No. 6:13-cv-224-Orl-31GJK, 2013 WL 1786642, at *2 (M.D. Fla. Apr. 26, 2013) (dismissing municipal liability claim); *Hargis v. City of Orlando*, No. 6:12-cv-7230-Orl-37KRS, 2012 WL 6089715, at *6 (M.D. Fla. Dec. 7, 2012) (dismissing failure to train claim based on "legal conclusions"); *Cooper v. City of Starke*, No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (dismissing failure to train claim); *Stewart v. Sotolongo*, No. 8:07-cv-54-T-24MAP, 2007 WL 1796545, at *10 (M.D. Fla. June 21, 2007) (rejecting a plaintiff's argument that seizure was one of the "very limited circumstances" where the need for training is "obvious"); *Horn v. Fla. Dep't of Children & Families*, No. 5:05-cv-1180, 2005 WL 1618218, at *3 (M.D. Fla. July 5, 2005) (dismissing failure to train claim).

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record